UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH DENT,<br><br>  Plaintiff,<br><br>  v.<br><br>LENOIOR PIERETTE, et al.,<br><br>  Defendants. | No. 2:19-cv-01962 CKD<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

  Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Here, plaintiff claims that three physicians, defendants Dr. Pierette, Dr. Adams, and Dr. Barber, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, and also negligent. (ECF No. 1.) The allegations concern plaintiff's treatment for a serious blood disease diagnosed in 2017, plaintiff's treatment for dermatological conditions

diagnosed in 2017, and plaintiff's shoulder injury and chronic pain in 2019.

After conducting the required screening, the court finds that this case may proceed on claims of Eighth Amendment medical indifference and negligence against defendants Adams and Barber. With respect to Dr. Pierette, the facts alleged fail to state actionable claims. Plaintiff has two options: 1) he may proceed on the claims described above; or 2) make an attempt to cure the deficiencies in his amended complaint with respect to the other defendant and claims in an amended complaint.

If plaintiff decides to file an amended complaint, plaintiff should consider that in order to state an actionable claim, plaintiff must demonstrate with specific allegations how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that if he elects to amend, the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

3

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on Eighth Amendment and negligence claims against defendants Adams and Barber, or whether he wishes to file an amended complaint in an attempt to cure the deficiencies in his complaint. If plaintiff does not return the form, this action will proceed on the claims described above.

Dated: April 3, 2020

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/dent1962.Screen In,1983_new

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH DENT,<br><br>            Plaintiff,<br><br>   v.<br><br>LENOIOR PIERETTE, et al.,<br><br>            Defendants. | No. 2:19-cv-01962 CKD P<br><br>PLAINTIFF'S NOTICE OF<br>HOW TO PROCEED |

**Check one:**

\_\_\_\_\_ Plaintiff wants to proceed immediately on Eighth Amendment and negligence claims against defendants Adams and Barber; **OR**

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

                                                                             _____
                                                                             Plaintiff