UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH DENT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LENOIOR PIERETTE, et al.,<br><br>　　　　　Defendants. | No.  2:19-cv-01962-TLN-CKD<br><br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this federal civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's complaint against defendants Barber and Adams, who are both medical doctors, on claims of Eighth Amendment medical indifference and negligence.  ECF No. 5 (screening order).  Currently pending before the court is plaintiff's motion to modify defendants' subpoena to the Records Custodian of the California Health Care Facility to inspect and copy plaintiff's medical records from January 1, 2016 to the present.  ECF No. 23.  Defendants have not filed an opposition to the motion.

**I.　　Allegations in the Complaint**

　　　　Plaintiff alleges that defendants Dr. Adams and Dr. Barber were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when treating him for a serious blood disease and dermatological conditions diagnosed in July 2017 as well as a shoulder injury

1

1 and chronic pain in 2019.

## II.    Motion to Modify Subpoena

On August 2, 2020, plaintiff filed a motion to modify the defendants' subpoena to inspect and copy his medical record maintained by the California Health Care Facility ("CHCF") from January 1, 2016 to the present.  ECF No. 23.  In support of his motion, plaintiff cites Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure, but he does not specify any particular ground for objecting to the subpoena.  Plaintiff only indicates that he objects to the time period of the records requested (from January 1, 2016 to October 10, 2017).  ECF No. 23 at 2.  Plaintiff seeks to modify the subpoena to cover only the time period from October 11, 2017 to the present.  Id.

## III.    Analysis

The court must quash or modify a subpoena that requires the disclosure of privileged or other protected matter, or subjects a person to undue burden.  Fed. R. Civ. P. 45(c)(3) (A).  Here, plaintiff is seeking to modify a subpoena issued to the CDCR, which is not a party to this civil action.  "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."  9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2459 (3d ed. 2008) (footnote omitted); see also Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."); United States v. Tomison, 969 F.Supp. 587, 596 (E.D. Cal. 1997) ("A party only has standing to move to quash the subpoena issued to another when the subpoena infringes upon the movant's legitimate interests.").  While plaintiff's right to privacy in his medical and mental health information gives him standing to challenge the subpoena, plaintiff does not identify any legal basis for modifying defendants' subpoena to only those records from October 11, 2017 to the present.  See Jacobs v. Connecticut Community Technical Colleges, 258 F.R.D. 192, 195 (D. Conn. 2009) (stating that "the plaintiff clearly has a personal privacy right and privilege with respect to the information contained in his psychiatric and mental health records.  Hence, the plaintiff's interest in keeping this information gives him standing under Rule 45(c)(3)(A) to challenge the subpoena.").  Since

1  plaintiff's medical condition, which is the subject of the complaint, was diagnosed in July 2017,
2  there is no discernable basis to limit the subpoena to just the time period from October 11, 2017
3  to the present.  Accordingly, there is no legal basis for the court to modify the subpoena issued by
4  defendants.
5    For all these reasons, IT IS HEREBY ORDERED that plaintiff's motion to modify the
6  subpoena (ECF No. 23) is denied.
7  Dated:  September 10, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15  12/dent1962.modifysubpoena.docx